**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JEANETTA ANDERSON, | : | |
| *Plaintiff,* | : | Case No. 1:25-cv-899 |
| vs. | : | Judge Jeffery P. Hopkins |
| SHERIFF CHARMAINE MCGUFFEY, *et al.*, | : | |
| *Defendants.* | : | |

**OPINION AND ORDER**

In this action brought under 42 U.S.C. § 1983, Plaintiff, pro se, Jeanetta Anderson, ("Plaintiff" or "Anderson") alleges that her former employer, the Hamilton County Sheriff's Office, improperly accessed her sealed misdemeanor conviction and retaliated against her eventually leading to her firing. Defendants Hamilton County, Ohio Sheriff Charmaine McGuffey and the Board of Commissioners of the county are now before the Court seeking to dismiss Plaintiff's claims. For the reasons below, the Court **GRANTS** the Motion to Dismiss (Doc. 10) and **DISMISSES** Plaintiff's Complaint (Doc. 5) **WITH PREJUDICE**.

**I.    BACKGROUND**

More than twenty years ago, Anderson had a misdemeanor conviction sealed under Ohio law. Doc. 5, PageID 22. In her Complaint, Anderson alleges that the Hamilton County Sheriff's Office "accessed, reviewed, and used [the misdemeanor record] against her" in relation to her employment with that office and that she experienced retaliation and adverse treatment as a result. *Id.* Looking to avenge her grievances against her former employer, Anderson filed a lawsuit against the Hamilton County Sheriff's Office in the Hamilton

County Court of Common Pleas, claiming to have been retaliated against in violation of Ohio Revised Code § 2953.34(B). Her original state-court action was dismissed. The judge presiding in the first state court action dismissed the case after reasoning that "R.C. 2953.32(A)(6) permits the inspection of sealed records by 'any law enforcement agency or any authorized employee of a law enforcement agency . . . as part of a background investigation of a person who applies for employment with the agency or with the department." Def's. Ex. 1, Doc. 10-1, PageID 47. Not to be deterred, Plaintiff then filed a second action in the same state court. The new judge on the Hamilton County Court of Common Pleas assigned to the second action arrived at the same decision as the first finding that the second case was, "basically a refiling of the original lawsuit filed by Plaintiff." Def's. Ex. 2, Doc. 10-2, PageID 50. The second action was therefore dismissed with prejudice under the doctrine of res judicata. *Id.*

By bringing this action under 42 U.S.C. § 1983, Plaintiff has invoked federal court jurisdiction. However, because the state court cases are predicated on the same set of facts, Defendants seek dismissal of the current case under Rule 12(b)(6) of the Federal Rules of Civil Procedure offering three reasons: (1) Plaintiff's claims were dismissed with prejudice in Hamilton County and are thus barred by res judicata and collateral estoppel, (2) Defendants were authorized to review Plaintiff's criminal record in accordance with state law, and (3) Plaintiff fails to state any constitutional claim. Doc. 10, PageID 39. Plaintiff opposes Defendants' motion. Doc. 13. With receipt of Defendants' reply, this matter became ripe for adjudication. Doc. 15.

2

## II.      STANDARD OF REVIEW

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This, however, requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Indeed, under the plausibility standard set forth in *Twombly* and *Iqbal*, courts play an important gatekeeper role, ensuring that claims meet a plausibility threshold before defendants are subjected to the potential rigors (and costs) of the discovery process. "Discovery, after all, is not designed as a method by which a plaintiff discovers whether he has a claim, but rather a process for discovering evidence to substantiate plausibly-stated claims." *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D. Ohio 2020).

In deciding a motion to dismiss, the district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). In doing so, the district court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000).

### III.   LAW AND ANALYSIS

#### A.  Res judicata bars Plaintiff's claims.

Defendants seek to dismiss the Complaint for failure to state a claim under Rule 12(b)(6), claiming, in part, that Anderson's current federal lawsuit (her third against related or similarly situated defendants) is barred by res judicata and collateral estoppel. Anderson does not mention either of her prior cases in her Complaint, but she does cite to at least one of those cases in an exhibit attached to her Complaint. *See* Pl.'s Ex. A, Doc. 5, PageID 24.[1] Nonetheless, Defendants refer to Anderson's state-court lawsuits and the documents available on the public docket. "On a motion to dismiss, a court considering an affirmative defense of *res judicata* may take judicial notice of public records including judicial proceedings." *Darden v. Montgomery Cnty. Bd. of Comm'rs*, No. 3:22-cv-264, 2023 WL 3764272, at *5 (S.D. Ohio June 1, 2023). The documents provided by Defendants are public records of Plaintiff's prior proceedings, so the Court can and will consider those here. *Newman v. Univ. of Dayton*, No. 3:17-cv-179, 2017 WL 4919225, at *3 (S.D. Ohio Oct. 21, 2017).

As stated, Defendants assert that res judicata bars Plaintiff's claims. Res judicata applies when the following elements are established: "(1) a final decision on the merits by a court of competent jurisdiction; (2) . . . the same parties or their privies; (3) an issue [that] was litigated or which [c]ould have been litigated in the prior action; and (4) an identity of the

---

[1]  Based on the contents of Plaintiff's filings, including the verbiage used in Ex. A, the Court suspects that Plaintiff may have used generative artificial intelligence ("AI") in preparing her filings in this case. *See, e.g.*, Pl.'s Ex. A, Doc. 5, PageID 24 ("The Hamilton County Court of Common Pleas dismissed your state case (Case No. A-2504768) under Civ. R. 12(B)(6) . . . This ruling ONLY affects your state claims. It does NOT prevent you from pursuing federal constitutional claims under 42 U.S.C. § 1983. Those federal claims were never litigated and are not barred. You may proceed in federal court."). If she has in fact used generative AI, Plaintiff has failed to comply with this Court's Standing Order Governing Use of Generative AI, which requires disclosure by a separate declaration if any party, including a self-represented litigant like Plaintiff, uses generative AI to generate any portion of a motion, brief, pleading, or other filing.

causes of action." *Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016) (quoting *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009)) (internal quotation marks omitted).

### 1. Final decision on the merits

Under the first element, Defendants must show that there has been a final decision on the merits. *Hogan*, 823 F.3d at 884. Plaintiff does not dispute that Defendants have satisfied this threshold element. Dismissal of Plaintiff's original state court complaint with prejudice operates as a final decision on the merits, so this element is satisfied. *Manohar v. Massillon Community Hosp.*, 122 Ohio App. 3d 715, 719 (5th Dist. 1997) ("Under Ohio law, a dismissal with prejudice by court order is a dismissal on the merits.") (citation omitted).

### 2. Same parties or privies

The second element is also satisfied. Under Ohio law, "in order for the principle of *res judicata* to be applicable, the parties to the subsequent action must be identical to those of the former action or be in privity with them." *Johnson's Island, Inc. v. Bd. of Tp. Trs. of Danbury Tp.*, 69 Ohio St.2d 241, 244 (1982). Plaintiff brought her original state court action against the Hamilton County Sheriff's Office. Here, Plaintiff asserts claims against closely-related parties: the Hamilton County Board of Commissioners (for its role in overseeing the Hamilton County Sheriff's Office and its training policies) and Hamilton County Sheriff Charmaine McGuffey (in her official capacity). Doc. 5, PageID 22. Privity exists between these parties. *See Thompson v. Wing*, 70 Ohio St.3d 176, 184 (1994) ("As a general matter, privity 'is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.'") (citation omitted).

**3.    Issue that was or could have been litigated and identity of causes of action**

The third and fourth elements remain for consideration, and the Court will address them together. The third element requires "an issue in the subsequent action which was litigated or which should have been litigated in the prior action," and the fourth element demands "an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). Summarizing, the fourth element—identity of the causes of action— requires "an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). "Where the two causes of action arise from the 'same transaction, or series of transactions,' both causes should be litigated in the first action." *Hivner v. Active Elec., Inc.*, 878 F. Supp. 2d 897, 904 (S.D. Ohio 2012) (quoting *Rawe*, 462 F.3d at 529).

The claims asserted in the federal case currently under review by this Court satisfy the third and fourth elements. Taken as true, all the facts asserted in Anderson's current federal Complaint under 42 U.S.C. § 1983 against Defendants (each of whom are in privity with the defendants identified in her prior state court cases), *i.e.*, that the Hamilton County Sheriff's Office improperly gained access to her sealed misdemeanor conviction and retaliated against her during her employment with that office, arise from the "same transaction, or series of transactions," *Rawe*, 462 F.3d at 529, and could or should have been litigated by Plaintiff in the original state-court action she filed. In an effort to overcome res judicata, Plaintiff explains that unlike the state-court action that "adjudicated statutory authority under Ohio expungement law," this case encompasses "violations of procedural due process and federally protected liberty interests under § 1983." Doc. 13, PageID 69. The res judicata inquiry, however, turns on whether Plaintiff should have litigated her federal constitutional claims in

6

her prior action. The answer here is yes. *Grey v. Morris*, No. 95-1862, 1996 WL 494996, at *3 (6th Cir. Aug. 29, 1996) (citing *Felder v. Casey*, 487 U.S. 131, 139 (1988) ("[S]tate courts may hear constitutional claims arising under 42 U.S.C. § 1983."); *Rodefer v. McCarthy*, 2015-Ohio-3052, ¶ 22 (2d Dist.) (explaining that state courts have concurrent jurisdiction over § 1983 claims); *Moore v. Hiram Twp.*, 988 F.3d 353, 361 (6th Cir. 2021) ("Moore's procedural due process, substantive due process, and equal protection claims each stem from the same occurrence . . . that was litigated in the state-court action, and thus could have been litigated at that time."). To restate the law, even after accepting all the facts alleged in the Complaint as true, and drawing all inferences in her favor, it becomes inescapable that Plaintiff could— and should—have brought her federal constitutional claims in her state court proceeding, but she failed to do so. *See Mitchell v. Chapman*, 343 F.3d 811, 824 (6th Cir. 2003) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)) ("The central purpose of claim preclusion is to prevent the 'relitigating of issues that were or could have been raised in [a prior] action.'"); *J.Z.G. Resources v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996) ("Claim preclusion applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action."). Thus, the third and fourth factors of res judicata are also met in this case.

Because all four factors are met, Plaintiff's claims are subject to dismissal on the basis of res judicata.

## IV.    CONCLUSION

For the reasons stated, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 10) and **DISMISSES** the Complaint (Doc. 5) **WITH PREJUDICE**. The Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be

taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal in forma pauperis. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal in forma pauperis in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999). The Court **ORDERS** the clerk to **ENTER JUDGMENT** and **TERMINATE** this matter from the docket.

     **IT IS SO ORDERED.**

June 8, 2026

Jeffery P. Hopkins
United States District Judge